
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

MASOOD SYED, individually and on behalf of all others similarly situated,

                              Plaintiff,

                   -against-

CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT; WILLIAM J. BRATTON, as Commissioner of the New York City Police Department ("NYPD"); NELDRA M. ZEIGLER, as Deputy Commissioner of the NYPD Office of Equal Employment Opportunity; JAMES F. KOBEL, Captain and Executive Officer of the NYPD Deputy Commissioner, Equal Employment Opportunity; and FNU O'REILLY, Commanding Officer of the NYPD Employment Management Division,

                              Defendants.

------------------------------------------------------------------ X

**16 CV 4789**

No.

**CLASS ACTION COMPLAINT**

Plaintiff Masood Syed, individually and on behalf of all others similarly situated, as and for his complaint, by his attorneys, Beldock Levine & Hoffman LLP, alleges as follows:

<u>PRELIMINARY STATEMENT</u>

1.     This is a civil rights action to remedy the discriminatory and unconstitutional "no beard" policy implemented and enforced by the New York City Police Department ("NYPD").

2.     The NYPD's written policy prohibits beards of any length, and its unwritten policy allows a religious accommodation for beards, but only up to 1-millimeter. In *Litzman v. City of New York, et al.*, No. 12-cv-4681, 2013 U.S. Dist. LEXIS 162968 (S.D.N.Y. 2013), this Court (Judge Harold Baer) found that this policy violated the First Amendment, the New York State Constitution, and the New York City Human Rights Law. Nonetheless, the NYPD has

continued to enforce its no beard policy, and on June 21, 2016, it suspended Plaintiff Masood Syed for failing to shave his beard.

3. Mr. Syed is a highly-respected veteran officer of the NYPD, and a practicing Muslim. As part of his religious beliefs, Mr. Syed wears a beard at a reasonable length of ½ to 1-inch. For nearly all of his 10-year career in the NYPD, Mr. Syed has openly worn his beard at a length of ½ to 1-inch in length. Many officers in the NYPD wear beards longer than 1-millimeter. Some are permitted to do so for medical reasons. Others are allowed to do so because of their assignment, while others are simply tolerated for no particular reason.

4. Mr. Syed had repeatedly requested a religious accommodation for his beard length. In the years before the *Litzman* litigation, Mr. Syed's superiors did not complain about his beard length. However, officially, the NYPD's religious accommodation for Mr. Syed was to have a beard no longer than 1-millimeter. This accommodation does not satisfy Mr. Syed's religious beliefs, but he has been allowed, until recently, to keep his beard approximately 1-inch long. Mr. Syed's most recent request for an accommodation has not been answered.

5. Nonetheless, on June 20, 2016, the NYPD ordered Mr. Syed to trim his beard to 1-millimeter by the close of business the following day, or face suspension. When he refused to shave his beard, the NYPD suspended him from duty, effectively immediately.

6. Mr. Syed brings this action on behalf of himself, and other officers who practice religions that mandate growing a beard, in order to vindicate their right to practice their respective religions without unnecessary interference from the government, and bring an end to the NYPD's unconstitutional no beard policy.

7. Mr. Syed seeks a class-wide judgment declaring that the NYPD's unconstitutional no beard policy violates the United States Constitution, the New York State Constitution, Title VII of the Civil Rights Act of 1964, and the New York City Human Rights Law.

8. Mr. Syed also seeks a class-wide injunction enjoining the NYPD from continuing to enforce its unconstitutional no beard policy and directing the Defendants to implement all necessary measures to ensure that this policy is not continued.

9. Plaintiff Syed also seeks individually an award of compensatory and punitive damages, in an amount to be determined at trial.

10. Plaintiff Syed also seeks on his own behalf and on behalf of the members of the class an award of attorneys' fees and costs, and such other relief as this Court deems just and equitable.

## JURISDICTION

11. Jurisdiction is conferred on this Court under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

12. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

13. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law claims.

## VENUE

14. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2), as at least one of the defendants resides in this district and the acts alleged herein were committed within this district.

## PARTIES

15. At all times relevant hereto, Plaintiff Masood Syed was a resident of the State of New York, County of Queens, and a citizen of the United States.

16. Defendant CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.

17. Defendant NEW YORK CITY POLICE DEPARTMENT ("NYPD") is a department of the City of New York. The City is authorized by law to maintain a police department, and does maintain the NYPD, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

18. Defendant WILLIAM J. BRATTON is the NYPD Police Commissioner. He is sued in his official capacity.

19. Defendant NELDRA M. ZEIGLER is the NYPD Deputy Commissioner for the Office of Equal Employment Opportunity. She is sued in her official capacity.

20. Defendant JAMES F. KOBEL is an NYPD Captain and the Executive Officer of the NYPD's Office of Equal Employment Opportunity. He is sued in his official capacity.

21. Defendant O'REILLY, whose first name is presently unknown, is the the Commanding Officer of the NYPD Employment Management Division. She is sued in her official capacity.

22. At all times relevant herein, Defendants BRATTON, ZEIGLER, KOBEL, and O'REILLY have acted under color of law, and within their authority as employees, officers, and/or agents of the NYPD and/or the City of New York.

## STATEMENT OF FACTS

23. Mr. Syed is a Pakistani-American and an observant Sunni Muslim.

24. As a Sunni Muslim, Mr. Syed is religiously obliged to grow and maintain a beard. The basis for the belief is grounded in the Quran, Sunnah, and the Hadith.

25. Mr. Syed also follows the Five Tenants of Islam, including fasting from sunrise to sunset during the holy month of Ramadan, praying five times a day, and giving *zakat*, or charity.

26. On the basis of his religion, he wears a modest beard of approximately 1 inch, which is the minimum length he believes is required of him.

27. He joined the New York City Police Department ("NYPD") in January 2006.

28. He was a Patrol Officer in Transit District 2 from 2006 through 2007, and a Patrol Officer in Transit District 33 from 2007 through November 2010.

29. In November 2010, Mr. Syed joined the Office of the Deputy Commissioner of Trials ("DCT") where he is employed as a Police Officer and Law Clerk.

30. As a Police Officer and Law Clerk in the Office of the DCT, Mr. Syed is tasked with a number of important responsibilities, including conducting legal research for administrative law judges presiding over NYPD disciplinary trials, and reviewing evidence and proposing findings and penalty recommendations to the Police Commissioner.

31. Also in 2010, Mr. Syed enrolled in New York Law School ("NYLS"), attending evening classes while working full time at the Office of the DCT during the day.

32. He received his law degree on May 21, 2014, passed the New York State bar exam on October 27, 2015.

33. During his entire career on the force, Mr. Syed consistently received positive evaluations, which described him as "dependent, committed, and knowledgeable."

34. Mr. Syed has also maintained a beard between ½ and 1 inch consistently throughout his career, and has never been told that his beard interferes in any way with successfully and efficiently fulfilling his job responsibilities.

35. From 2006 through 2013, Mr. Syed, while wearing his beard at least ½-inch long, was certified on multiple occasions to use an MSA Millennium model respirator after attending the NYPD's chemical, ordinance, biological, and radiological awareness ("COBRA") training.

### The NYPD's "No Beard" Policy

36. The NYPD has a strict policy on personal appearance, requiring its officers to maintain an appearance that is "neat and clean."

37. This policy prohibits wearing beards.

38. Procedure 203-07 of the NYPD Patrol Guide states:

> 10. Do not grow a beard except under the following circumstances:
>
> a. When required because of a medical condition, a beard may be grown with written approval of the Police Surgeon concerned and the Commanding Officer, Medical Division. (Copy of written approval will be in possession of member of the service whenever in uniform.)
>
> b. When approved, in writing, by member's commanding officer because of the nature of member's assignment. (Copy of written approval will be in possession of member of the service whenever in uniform.)
>
> c. When required because of religious accommodation and with written approval of the Deputy Commissioner, Equal Employment Opportunity. (Copy of written approval will be in possession of member of the service whenever in uniform.)
>
> d. When assigned to perform duty in uniform, members granted the aforementioned exceptions will confirm, to the extent possible, to provisions of this procedure.

39. The NYPD also has an unwritten policy that any religious accommodation for a beard will not exceed one-millimeter in length.

40. There are scores of police officers in the NYPD who, regardless of the reason, wear their beards in excess of one-millimeter in length.

### The *Litzman* Litigation

41. In 2012, Fishel Litzman, who follows the rules and traditions of the Chabad Lubavitch Jewish community, sued the NYPD over the enforcement of its no beard policy.

42. The NYPD had denied his request for a religious accommodation for a beard of approximately one inch, while he was a probationary officer. He was eventually terminated by the NYPD based on his refusal to shave his beard.

43. On November 15, 2013, the Honorable Harold Baer ruled that the NYPD's no beard policy violated Mr. Litzman's right to practice his sincerely held religious beliefs pursuant to the Free Exercise Clauses of the First Amendment and Article I, Section 3 of the New York State Constitution. *See* Exhibit 1.

44. The NYPD acknowledged that it "presently has police officers with beards in excess of one millimeter in length, but those officers are either working undercover or are in violation of the Patrol Guide Procedure."

45. The NYPD's argument for the no beard policy was that "it cannot accommodate Plaintiff's one-inch beard because newly graduated police officers must shave at least once each year to be certified to use an MSA Millennium model respirator."

46. The actual reason for the NYPD's no beard policy was laid bare in a statement then-New York Police Commissioner Ray Kelly made during an interview in the context of the *Litzman* case: "Religion is such an important part of the lives of so many of our officers, and it

goes along with the beards, the head wraps, the holidays and so forth, . . . But the public has a certain image of the police officer, and we need to maintain that philosophy."[1]

47.     Judge Baer concluded that the NYPD's no beard policy was not enforced neutrally throughout the Department. He explained that "the undisputed record demonstrates that de facto exemptions to the one-millimeter rule abound."

48.     For instance, the NYPD acknowledged that it "has police officers with beards in excess of one-millimeter in length, not only because of formal exemptions due to undercover assignments, but also because the NYPD does not always enforce its personal appearance standards."

49.     Because the NYPD failed to "provide a legitimate explanation as to why the one-millimeter rule is enforced unevenly throughout the department, i.e. why Plaintiff was terminated when other officers who have beards longer than one millimeter remain on the force without any exemption or why some temporary exemptions are permitted," Judge Baer concluded that the NYPD's no beard policy violates the First Amendment and the New York State Constitution.

50.     Mr. Litzman was reinstated to the NYPD and received a religious accommodation for his beard of approximately one inch.

51.     He continues to work in the NYPD with a beard of approximately one-inch in length.

### Mr. Syed's Medical and Religious Accommodations

52.     Shortly after joining the NYPD in 2006, and while training in the NYPD Academy, Mr. Syed sought and received a medical accommodation from the NYPD for his beard, and he wore his beard after that at a length of approximately ½ to 1 inch in length.

---

[1] Michael Wilner, *Orthodox man takes NYPD to court over beard length*, THE JERUSALEM POST (June 26, 2013) *available at* http://www.jpost.com/Jewish-World/Jewish-News/Orthodox-man-takes-NYPD-to-court-over-beard-length-317814.

53. In 2008, while he worked as a patrol officer, he was told that he must request a religious accommodation for his beard from the NYPD's Office of Equal Employment Opportunity ("OEEO").

54. Mr. Syed submitted a religious accommodation request with a letter from an Imam at his mosque, which explained that "growing [a] beard is a noble tradition of the Prophet of Islam. It is considered as part of Islamic identity as well as a noble religious tradition."

55. His request indicated that it was for a "beard for religious purpose."

56. Mr. Syed's supervisor accepted the request and Mr. Syed continued to wear a beard at approximately ½ inch to 1 inch in length every day while on patrol.

57. In or around November 2010, Mr. Syed was required to obtain a new identification card ("I.D.") in order to begin work at DCT.

58. The photograph on the I.D. shows Mr. Syed with a beard of approximately ½ inch.

59. In 2011, after wearing his beard at approximately ½ inch to 1 inch for nearly five years, Mr. Syed was required to sign a document stating that he would wear his beard no longer than one millimeter.

60. Knowing that other officers openly wore their beards at ½ to 1 inch, and wanting to avoid any unnecessary problems, Mr. Syed signed the document.

61. He understood that he could continue wearing his beard, and for four years thereafter, he continued to openly wear his beard between ½ and 1 inch.

62. Many NYPD officers openly wear their beards at a similar length than Mr. Syed, including Mr. Litzman and others.

63. On August 21, 2015, for the first time in nearly ten years on the force, a supervisor approached Mr. Syed and informed him that he was not in compliance with the Department's no beard policy.

64. Thereafter, Mr. Syed was repeatedly ordered to appear at the OEEO office, where he was told by Defendant KOPEL and others that he was not in compliance with Department policy because of the length of his beard, and instructed to trim his beard to one millimeter.

65. On December 9, 2015, Mr. Syed received a letter from Defendant KOBEL stating: "it was determined that your beard was not in compliance with the reasonable accommodation granted to you."

66. On December 12, 2015, Mr. Syed sent a letter to Defendant ZEIGLER requesting that the NYPD allow a reasonable accommodation for himself and "other uniformed members of the service who observe their religious beliefs by wearing a beard" in order to allow beards of a reasonable length.

67. On June 20, 2016, while his accommodation request was still pending, Defendant KOBEL ordered Mr. Syed to trim his beard to one millimeter.

68. Defendant KOBEL also provided Mr. Syed with a letter stating:

You are hereby directed to shorten the length of your beard so that it does not exceed the approved one (1) millimeter length. You are hereby notified that your failure to conform to the permissible beard length by the close of business on **June 21, 2016** will result in your suspension from duty.

69. On June 21, 2016 at approximately 4:50 p.m., Mr. Syed was told by his supervisor to appear at the I.D. Unit.

70. He went to the I.D. Unit, where a sergeant took his photo and requested his religious accommodation letter.

71. When Mr. Syed explained that he had a pending religious accommodation request, the sergeant contacted Defendant O'REILLY.

72. Defendant O'REILLY ordered Mr. Syed to shave his beard completely.

73. When Mr. Syed declined to shave immediately, Defendant O'REILLY stated that Mr. Syed was suspended without pay, effective immediately.

74. Defendant O'REILLY requested Mr. Syed's shield and service weapon.

75. Mr. Syed was escorted out of NYPD headquarters in front of his friends and colleagues.

76. Mr. Syed was insulted and humiliated.

77. Upon information and belief, Mr. Syed will be suspended for 30 days and will not receive any benefits during that time.

78. Upon information and belief, at the conclusion of this 30-day suspension, he will be called to NYPD Headquarters and ordered again to trim his beard to 1-millimeter and when he refuses to do so, he will again be suspended.

79. Upon and information and belief, the NYPD will terminate Mr. Syed after repeating this process three times.

80. If Mr. Syed is terminated, he will lose his pension, and suffer other adverse, and irreparable, consequences.

### Experience of Other NYPD Officers

81. Other NYPD officers have suffered a similar experience as Mr. Syed.

82. Beginning in March of 2012, Mohsin Aftab, another 10-year veteran of the NYPD, was harassed and retaliated against for wearing a beard longer than one-millimeter.

83. Mr. Aftab submitted numerous requests for a religious accommodation to wear his beard longer than one inch, but each request was denied.

84. On December 13, 2012, a Captain ordered Mr. Aftab to shave his beard to be in compliance with the one-millimeter accommodation he had received.

85. Mr. Aftab explained that he had grown his beard out of religious obligation and that he had sought a reasonable accommodation on numerous occasions, which were all denied.

86. The Captain, citing Patrol Guide § 207-03, suspended Mr. Aftab for a month without pay effective immediately.

87. After the conclusion of the month, Mr. Aftab returned to duty with his one-inch beard only to be suspended on the spot once again for the same reason.

88. Ultimately, Mr. Aftab was suspended without pay from December 2012 through March 2013, at which time he reached a settlement with the NYPD, which required him to leave the force, because he would not shave his beard.

89. During his suspension, Mr. Aftab was not afforded any health or medical benefits for himself or his family.

90. During the period of suspension, Mr. Aftab's family could not survive on Mr. Aftab's modest savings account, and the family was forced to accept food stamps.

91. Because of the circumstances in which he was forced to leave the Department, Mr. Aftab did not receive what is commonly referred to as a "good-guy letter," and as a result, has never been able to work in law enforcement again.

### New Security Procedures

92. In November 2015, Defendant Police Commissioner BRATTON instituted a new security procedure at NYPD Headquarters, which mandated that all NYPD officers receive updated identification cards.

93. Upon information and belief, and based on Mr. Syed's own experience, the I.D. Card Unit has refused to take photographs or issue new identification cards for officers with a beard longer than one-millimeter.

94. Upon information and belief, officers who wear a beard longer than one millimeter for non-religious reasons are able to shave in order to receive their new identification cards. These officers then grow their beards back to their desired length.

95. Upon information and belief, Defendant Commissioner Bratton ordered all unit chiefs to ensure that their officers received new identification cards and were in compliance with the no beard policy.

### CLASS ACTION ALLEGATIONS

96. Pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, Plaintiff Masood Syed seeks to represent a certified Plaintiff class consisting of all persons who have been or will be subjected by the NYPD or its officers and/or employees to Defendants' policy, practice, and/or custom of not allowing officers to wear beards longer than one millimeter in length as an expression of their sincerely held religious beliefs in violation of, *inter alia*, the First and Fourteenth Amendments of the United States Constitution, the New York State Constitution, Title VII of the Civil Rights Act of 1964, and the New York City Human Rights Law.

97. The members of the class are so numerous as to render joinder impracticable.

98. Based on the City of New York's 2015 Enforcement Report, as of December 31, 2015, the NYPD had 35,160 officers.

99. Upon information and belief, there are at least 100, and likely many more, NYPD officers who are impacted by the no beard policy in terms of their religious beliefs and would be members of the class.

100. Upon information and belief, many members of the class who would otherwise wear a beard as an expression of their religious beliefs, have refrained from doing so out of fear of discrimination and retaliation.

101. Many class members who comply with the NYPD's unconstitutional policy do not bring individual claims for fear of discrimination and retaliation by other officers and supervisors of the NYPD.

102. The class members share a number of questions of law and fact in common, including, but not limited to:

   a. Whether the NYPD engages in a policy, practice, and/or custom of not allowing its officers to wear a beard longer than one-millimeter for religious reasons, but does allow officers to wear a beard longer than one-millimeter for other reasons ("the beard policy"); and

   b. Whether the NYPD's beard policy violates the First and Fourteenth Amendments of the United States Constitution, the New York State Constitution, Title VII of the Civil Rights Act of 1964, and/or the New York City Human Rights Law.

103. Mr. Syed's claims are typical of those of the class. Like the other members of the class, Mr. Syed has been a victim of the NYPD's discriminatory practices, and he has been suspended as a result of the NYPD's policy, practice, and/or custom of a "no beard" policy that is inconsistently applied, and discriminates against those who wear beards based on their sincerely held religious beliefs.

104. The legal theories under which Plaintiff Syed seek declaratory and injunctive relief are the same or similar to those on which all members of the class will rely, and the harms suffered by Plaintiff Syed are typical of the harms suffered by the class members.

105. Plaintiff Syed has a strong personal interest in the outcome of this action, has no conflicts of interest with members of the Plaintiff class, and will fairly and adequately protect the interests of the class. Plaintiff Syed is a Muslim NYPD officer who has been, and will continue to be, a victim of the NYPD's discriminatory "no beard" policy.

106. Plaintiff Syed is represented by Joshua S. Moskovitz, Luna Droubi, and Jonathan C. Moore of the law firm Beldock, Levine & Hoffman LLP ("BLH"). All are experienced civil rights attorneys who have litigated a number of class action lawsuits.

107. Plaintiff's counsel's firm has the resources, expertise, and experience to prosecute this action, and knows of no conflicts among members of the class or between the attorneys and members of the class.

108. The Plaintiff class should be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because the Defendants have acted on grounds generally applicable to the class, thereby making class-wide declaratory and injunctive relief appropriate.

## COUNT I
### (For Violations of Religious Freedoms Under the First Amendment, 42 U.S.C. § 1983, and Article I, § 3, of the New York State Constitution)

109. Plaintiff repeats and realleges each and every allegation made in the foregoing paragraphs as if fully set forth herein.

110. The NYPD's no beard policy unreasonably interferes with the religious beliefs of the Plaintiff and members of the class.

111. The Defendants' conduct alleged above "targets" religious exercise and violates the federal and New York State constitutional rights to the free exercise of religion.

112. No legitimate governmental interest justifies the NYPD's no beard policy.

113. Individuals who do not have sincere religious convictions are not excluded by such a requirement because they are ordinarily willing to trim their beards without violating their sincerely held religious beliefs.

114. The Defendants' unwritten policy that accommodations cannot exceed one millimeter violates the Plaintiff's free exercise of his religion, in violation of the First Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment and Article I; Section 8 of the New York State Constitution.

115. Each of the Defendants has acted with deliberate indifference to the constitutional rights of Plaintiff Syed and other members of the class. As a direct and proximate result of the acts and omissions of each of the Defendants, the constitutional rights of Plaintiff Syed and other class members have been violated.

116. By acting under color of state law to deprive Plaintiff Syed and other class members of their rights under the First Amendment, the Defendants are in violation of 42 U.S.C. § 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

117. As a direct and proximate result, Plaintiff has suffered injuries and damages set forth above.

118. The Defendants' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

119. Plaintiff Syed and other members of the class have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing the NYPD's policy, practice, and/or custom of religious discrimination that have directly and proximately caused such constitutional abuses.

## COUNT II
**(For Violations of Equal Protection Under the Fourteenth Amendment, 42 U.S.C. § 1983, and Article I, § 10, of the New York State Constitution)**

120. Plaintiff repeats and realleges each and every allegation made in the foregoing paragraphs as if fully set forth herein.

121. Defendants have discriminated against and treated Plaintiff, and members of the class, differently in violation of the Fourteenth Amendment of the United States Constitution and Article I, section 10, of the New York State Constitution.

122. Each of the Defendants has acted with deliberate indifference to the constitutional rights of Plaintiff Syed and other members of the class. As a direct and proximate result of the acts and omissions of each of the Defendants, the constitutional rights of Plaintiff Syed and members of the class have been violated.

123. As a direct and proximate result, Plaintiff has suffered injuries and damages set forth above.

124. The Defendants' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

125. Plaintiff Syed and other members of the class have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from enforcing the NYPD's no beard policy described herein.

## COUNT III
### (For Violations of Title VII of the Civil Rights Act of 1964)

126. Plaintiff repeats and realleges each and every allegation made in the foregoing paragraphs as if fully set forth herein.

127. Plaintiff belongs to a religion that mandates male observers grow beards.

128. Defendants have discriminated against Plaintiff Syed and similarly situated officers in the following manners:

   a. Failing to provide an adequate religious accommodation that allows the growth of a reasonable length beard;

   b. Instituting, enforcing, and/or carrying out a policy, practice, and/or custom that adversely affects officers who exercise religions mandating beards; and

   c. Instituting, enforcing, and/or carrying out a policy, practice, and/or custom regarding the allowance of the growth of beards for a religious purpose in a way that is discriminatory;

   d. Retaliating against Plaintiff and others similarly situated for exercising their rights to practice their religion by wearing a moderate length beard.

129. As a direct and proximate result, Plaintiff has suffered injuries and damages set forth above.

130. The Defendants' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

131. Plaintiff Syed and other members of the class have no adequate remedy at law and will suffer serious and irreparable harm to their rights under Title VII unless Defendants are enjoined from enforcing the NYPD's no beard policy described herein.

## COUNT IV
### (For Violations of the New York City Human Rights Law)

132. Plaintiff repeats and realleges each and every allegation made in the foregoing paragraphs as if fully set forth herein.

133. Defendants' conduct described above has discriminated against Plaintiff due to his religion.

134. Defendants have retaliated against Plaintiff as a result of the exercise of his religious beliefs.

135. As a direct and proximate result, Plaintiff has suffered injuries and damages set forth above.

136. The Defendants' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

137. Plaintiff Syed and other members of the class have no adequate remedy at law and will suffer serious and irreparable harm to their rights under the New York City Human Rights Law unless Defendants are enjoined from enforcing the NYPD's no beard policy described herein.

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class he seeks to represent, respectfully requests that this Court:

   a.   Enter an order certifying this action as a class action pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure in the manner described above herein, with Plaintiff Masood Syed as class representative;

   b.   Issue a class-wide declaratory judgment that the NYPD's no beard policy challenged herein violates the First and Fourteenth Amendments of the United States Constitution, Title VII, the New York State Constitution, and New York City Human Rights Law;

      c.    Issue a class-wide injunction enjoining the NYPD from enforcing its no beard policy, and ordering the NYPD to adopt a policy that provides for non-discriminatory, reasonable religious accommodations for the length of officers' beards;

      d.    Award Plaintiff Syed compensatory damages in in an amount that is fair, just and reasonable, to be determined at trial;

      e.    Award Plaintiff Syed punitive damages against the individual defendants in an amount to be determined at trial;

      f.    Award Plaintiff, and the members of the class, reasonable attorneys' fees and costs; and

      g.    Grant such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: New York, New York
       June 22, 2016

                    BELDOCK LEVINE & HOFFMAN LLP
                    99 Park Avenue, PH/26th Floor
                    New York, New York 10016
                    (212) 490-0400

By: _____
      Joshua S. Moskovitz
      Luna Droubi
      Jonathan C. Moore

*Attorneys for Plaintiff*