**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- X

MASOOD SYED, individually and on behalf of all
others similarly situated,

                                        Plaintiff,

                    -against-

CITY OF NEW YORK,

                                        Defendant.

                                                            No. 16-CV-4789

-------------------------------------------------------------------- X

### STIPULATION OF SETTLEMENT AND ORDER

      **WHEREAS**, Masood Syed, individually and on behalf of all others similarly situated ("Plaintiff"), commenced this action pursuant to 42 U.S.C. § 1983; the First and Fourteenth Amendments to the United States Constitution; Title VII of the Civil Rights Act of 1964; the Constitution and Laws of the State of New York; and for violations of the New York City Human Rights Law; and

      **WHEREAS,** Defendant denies the truth of Plaintiff's allegations and any and all liability arising out of Plaintiff's allegations;

      **WHEREAS**, the Parties have executed a Stipulation of Dismissal pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure as to defendants New York City Police Department, William J. Bratton, Neldra M. Zeigler, James Kobel, and Rhonda O'Reilly;

      **WHEREAS**, the Parties now desire to resolve the remaining issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

WHEREAS, Plaintiff Masood Syed has authorized counsel to settle this matter on the terms set forth below.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

A.      DEFINITIONS

1.       "APR" shall mean Air Purifying Respirator.

2.       "City" shall mean the City of New York.

3.      "Class Counsel" shall mean Beldock Levine & Hoffman LLP, 99 Park Avenue, PH/26th Floor, New York, New York 10016.

4.      "DCEEO" shall mean the Deputy Commissioner, Equal Employment Opportunity at the NYPD.

5.      "Defendant" shall mean the City of New York.

6.       "Effective Date" shall mean thirty (30) days after the Final Approval Date, as defined below, and shall be the date upon which this Stipulation enters into effect.

7.       "EEO Employee(s)" shall mean all individuals employed by the NYPD and assigned to DCEEO.

8.      "Facial Hair Religious Accommodation Request" shall, for purposes of this Stipulation, mean a Reasonable Accommodation Request for Religious Practices or Observances Form PD 469-161 and any accompanying documentation submitted by the Member of the Service to the Deputy Commissioner, Equal Employment Opportunity for purposes of requesting to  religious accommodation for facial hair.

9.      "Final Approval Date" shall mean the entry date of the Court's Order granting approval of this Stipulation and Order as fair, reasonable, and adequate to the Class as a whole

after notice to Class Members with the opportunity to opt out as to incidental monetary relief, and a hearing on the fairness of the settlement ("Fairness Hearing").

10.     "Member of the Service" refers to any and all employees of the NYPD to whom the NYPD Patrol Guide 203-07(10) is applicable.

11.     "NYPD" shall mean the New York City Police Department.

12.     An "Opt-Out" shall mean any potential class member who files a timely Request for Exclusion Form as provided in this Stipulation.

13.     "P.G." shall mean the NYPD's Patrol Guide.

14.     "Parties" shall mean Plaintiff Masood Syed and Defendant City.

15.     "Plaintiff" or "Class Representative" or "Named Plaintiff" shall mean Masood Syed.

16.     "Preliminary Approval Date" shall mean the date on which the court endorses this Stipulation.

17.      "December 2016 Facial Hair Policy" shall mean P.G. § 203-07 and the Operations Order No. 61, effective as of December 30, 2016.

18.     "Current Facial Hair Policy" shall mean the P.G. 203-07, Operations Order No. 61, Facial Hair Religious Accommodation Request, and a Facial Hair Bulletin issued by the DCEEO in effect as of the date of this Stipulation and annexed hereto as **Exhibits 1**, **2**, **3**, and **4**, respectively.

19.     "Review Period" shall mean the eighteen (18) month period following the Effective Date of this Agreement in which the City will provide Class Counsel with, at six, 12 and 18 months following the Effective Date, a spreadsheet pertaining to religious accommodation requests to grow facial hair reflecting: (1) the reasonable accommodation number; (2) the rank and command of the requesting member; (3) the accommodation requested;

and (4) the disposition of the request. In connection with a denial of a request for religious accommodation to grow facial hair, Class Counsel may request from the NYPD during the Review Period the Facial Hair Religious Accommodation Request and any denial letters. The NYPD will consider such request on an individual basis.  The Plaintiff reserves his right to seek review of any denial by the Court.  Defendant shall not be required to provide a reason for denial of a request for a religious accommodation to grow facial hair during the Review Period to Class Counsel for any member of the service who had opted-out of the Settlement Class as defined in Paragraph 20, below.

20.      "Settlement Class" shall mean the class of plaintiffs agreed upon by the Parties, described in Paragraph D(2), *infra*.

21.      "Stipulation" shall mean this Stipulation of Settlement and Order executed by the Parties in the above-captioned action.

**B.     STIPULATIONS OF FACT**

1.    Plaintiff is a Police Officer currently assigned to the NYPD's Office of the Deputy Commissioner of Trials.

2.    Plaintiff self-identifies as a practicing Muslim who wears a beard because of his sincerely held religious beliefs.

3.    On June 21, 2016, the NYPD suspended Plaintiff from duty, without pay or benefits, for failure to conform to the beard length permissible under his religious accommodation to grow facial hair.

4.    Named Plaintiff filed this action on June 22, 2016.  Along with the Complaint, Plaintiff filed an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order.  Named Plaintiff's motion for a Preliminary Injunction and Temporary Restraining Order sought an order reinstating him to "his title, status, responsibilities, compensation, and benefits

as a Police Officer and Law Clerk in the New York City Police Department's Office of the Deputy Commissioner of Trials" and enjoining defendants from "taking any action adversely to affect" plaintiff's "employment, title, status, responsibilities, privileges, compensation and/or benefits" as a Police Officer pending the final determination in this action.

5. The Parties appeared before the Honorable P. Kevin Castel on June 22, 2016, and Judge Castel ordered a hearing on the preliminary injunction motion for July 8, 2016. Judge Castel further ordered that, "pending the hearing and determination of this Motion, Defendants are restrained, enjoined, and stayed from taking any action adversely to affect Plaintiff Syed's compensation and/or benefits as a Police Officer provided, however, that defendants need not reinstate his presently suspended responsibilities and duties."

6. Also on June 22, 2016, the NYPD reinstated Plaintiff's compensation and benefits but did not reinstate his suspended responsibilities and duties. Plaintiff remained suspended from June 21, 2016, to June 29, 2016.

7. On June 29, 2016, the NYPD advised Named Plaintiff that he was to report to NYPD Headquarters at 9:00 a.m. on June 30, 2016, in order to be restored to full duty. Named Plaintiff appeared at Headquarters and was restored, effective June 30, 2016, to full duty in his prior command in the Office of the Deputy Commissioner of Trials.

8. Upon his reinstatement, Named Plaintiff was provided with a letter confirming his reinstatement to full duty and providing that the NYPD would undertake an internal review of Patrol Guide 203-07 "Performance on Duty – Personal Appearance," Section 10, regarding the prohibition on the growth of beards and other related issues.

9. The NYPD also advised Named Plaintiff that it would review its policies and practices regarding the case-by-case assessment it performs of requests for reasonable accommodations submitted to the NYPD's Office of Equal Employment Opportunity, specific to

Patrol Guide 203-07(10), and its disciplinary procedures in connection with the enforcement of Patrol Guide 203-07(10) and the compliance with reasonable accommodations associated with that provision, including the one millimeter exception.   The NYPD anticipated that its internal review would be completed in approximately one hundred twenty (120) days.   During the pendency of the one hundred twenty (120) day internal review period, the NYPD agreed that Named Plaintiff would not be subject to any adverse action with regard to compliance with the existing Patrol Guide Section 203-07(10), or any existing accommodations under that provisions.

10. On December 30, 2016, the NYPD completed the internal review referenced in the above-paragraph and issued a revised Patrol Guide Section 203-07 and Operations Order No. 61, copies of which are annexed hereto as **Exhibits 1** and **2**, respectively

11. Following the issuance of revised Patrol Guide Section 203-07 and Operations Order No. 61, the NYPD issued the Facial Hair Religious Accommodation Request, a copy of which is annexed hereto as **Exhibit 3**.

### C.   MUTUAL AGREEMENT ON PRINCIPAL TERMS

1.   The Parties agree that the Current Facial Hair Policy is detailed in **Exhibits 1**, **2**, **3**, and **4** annexed hereto.

2.   Upon request to DCEEO, a Member of the Service will be provided with the P.G. 203-07, Operations Order No. 61, a Facial Hair Religious Accommodation Request, and a Facial Hair Bulletin issued by the DCEEO (the "Current Facial Hair Policy"), annexed hereto as **Exhibits 1**, **2**, **3**, and **4**.  The Current Facial Hair Policy is posted on the NYPD's Intranet page.

3.   As set forth in the Current Facial Hair Policy, when required because of a religious accommodation, a beard may be grown up to one half inch unless the applying Member of the Service requests additional length.  A Member of the Service can request additional length by so stating on the Facial Hair Religious Accommodation Request.  A request for additional

length will be reviewed and decided upon by the DCEEO on a case-by-case basis through an interactive process.

4.      By submitting a Facial Hair Religious Accommodation Request, the Member of the Service acknowledges that, should the request be granted, the Member of the Service is ineligible to receive training on, or deploy with, an APR and therefore may not be assigned to any specialized unit within the NYPD that require use of a tight-fitting APR as one of its essential job requirements.

5.      In the event that a request to grow facial hair as a religious accommodation is denied, the applying Member of the Service will be promptly informed in writing of the denial, and the reason(s) for the denial.

6.      Any Member of the Service may appeal any determination made by DCEEO about which the Member feels aggrieved, including appealing the denial of a request to grow facial hair as a religious accommodation, whether such denial is in whole or in part, provided that such appeal is made within fifteen (15) days of the date of the denial.  An appeal of the denial of a request made via a Facial Hair Religious Accommodation Request will be addressed to the Commanding Officer, Police Commissioner's Office.

7.      A Finest Message in the form attached hereto as **Exhibit 5**, shall be distributed in the NYPD's usual and customary manner of distribution within thirty (30) days of the Effective Date of this Stipulation and shall include a reference to the documents comprising the Current Facial Hair Policy.

8.      Within ninety (90) days of the Effective Date of this Stipulation, the NYPD will conduct a training of EEO Employees concerning the Current Facial Hair Policy.  The NYPD has provided Class Counsel with a copy of the training materials for EEO employees who process requests for religious accommodations for Class Counsel's review and comment.

9.      The NYPD will provide Class Counsel with a letter certifying that a training of EEO employees who process requests for religious accommodations will be conducted and Class Counsel will receive a letter confirming that such training has taken place within fourteen (14) days of the training.

10.      The Current Facial Hair Policy shall apply to members of the Police Cadet Corps.

**D.      JURISDICTION, SCOPE OF STIPULATION & ORDER, AND CLASS CERTIFICATION**

1.      This Court has jurisdiction over the parties and the subject matter of this action. The Court shall retain jurisdiction over the parties to enforce and administer the terms of this Stipulation and Order during the period it, or any of its provisions, remain in effect as defined in this Stipulation.

2.      Plaintiff and the Defendants hereby agree to certification of a Settlement Class which is defined as follows: All persons employed by the NYPD subject to the Patrol Guide 203-07(10) who, in the three years preceding the filing of this lawsuit through and including the Effective Date of this Stipulation, requested or received a religious accommodation from the NYPD to wear a beard with the exception of those individuals who opt out in accordance with the procedures set forth in Section G.

3.      The Parties agree that Plaintiff Masood Syed shall serve as Class Representative of the Settlement Class. The Plaintiff and the Defendants further agree that Class Counsel shall serve as counsel to the Settlement Class.

4.      To effectuate the agreement of the Plaintiff and the Defendants regarding the certification of the Settlement Class, the Plaintiff and the Defendants agree that Class Counsel will submit to the Court a motion on consent of the Defendants seeking certification of the Settlement Class at the time this Stipulation is submitted to the Court for approval.

### E.     INDIVIDUAL DAMAGES

1.     The City will pay Named Plaintiff Masood Syed an amount agreed upon by separate stipulated agreement , which will be executed after final approval of the Stipulation.

2.     The Plaintiff and City agree that the Named Plaintiff will sign and execute a General Release, Substitute W-9, and an Affidavit of No Liens.  The failure of the Named Plaintiff to execute any of the aforementioned documents will result in non-payment of damages to that Named Plaintiff, but will not otherwise affect the operation of this Stipulation or the rights of any member of the Settlement Class.

### F.     ATTORNEYS' FEES AND COSTS

1.     The City shall pay Plaintiffs' reasonable attorneys' fees and costs.  Plaintiffs and Defendant agree that they will attempt to resolve the matter of reasonable attorneys' fees and costs incurred up to and including the Effective Date and for those attorneys' fees and costs that are reasonably likely to be incurred during the Review Period. Plaintiffs and Defendant further agree to attempt to resolve the matter of reasonable attorneys' fees and costs between themselves after the Final Approval Date.

2.     Class Counsel represents that they are authorized to receive payment on behalf of the Plaintiffs in full satisfaction of all claims for attorney's fees, costs, and expenses, in, arising from, or in connection with this action through and including the Review Period.

3.      Class Counsel will provide the City with a copy of their contemporaneous records documenting their fees and costs up to and including the Effective Date to assist the parties in attempting to resolve the amount of reasonable attorneys' fees and costs that the City will agree to pay, as well as a reasonable amount of fees and costs associated with the Review Period.

4.      In the event an agreement is reached, the City shall provide Class Counsel with a separate check payable to Class Counsel in the amount agreed upon within ninety (90) days of the date the parties execute a stipulation for attorneys' fees and costs and Class Counsel executes and returns to Defendant's Counsel a Substitute W-9 form and release in connection with attorneys' and costs.  Class Counsel agrees that payment shall be made by a single check made payable to Beldock Levine & Hoffman LLP, 99 Park Avenue, PH/26th Floor, New York, NY 10016.

5.      In the event that the parties are unable to reach agreement as to reasonable attorneys' fees and costs, Class Counsel will submit a fee application within ninety (90) days of the Final Approval Date to which the City may respond within 30 days and Class Counsel may reply within fourteen (14) days of the City's response. The Court shall retain jurisdiction of this matter for the purposes of determining any additional application for fees and costs made by Class Counsel after the close of the Review Period.

### G.      PRELIMINARY APPROVAL ORDER, CLASS NOTICE, OPT OUT PROCEDURE, COURT JURISDICTION, AND TERMINATION OF THIS STIPULATION

1.      As soon as practicable after the execution of this Stipulation, Class Counsel shall submit to the Court this Stipulation and a motion seeking entry of a preliminary approval order that requests, among other things, the preliminary approval of the settlement set forth in this Stipulation, the approval of the publication of a class notice and the right to object or opt out of the settlement, as described in Paragraph 2 below, and the setting of a date for the Fairness Hearing.  The motion seeking entry of a preliminary approval order and the proposed class notice will be provided to defendant's counsel seven days in advance of their filing with the Court.

2.      Within thirty (30) days of the Preliminary Approval of this Stipulation and Order by the United States District Court, the City will provide to Class Counsel the last known

addresses of Class Members.  Within twenty-one (21) days of receipt of the Class Members'

names and addresses, Class Counsel shall provide notice to the members of the Class, in the form

attached hereto as **Exhibit 6** via first class mail with this Stipulation as an attachment, which

shall include the right to object or opt out of the settlement.  As set forth herein, the Parties agree

to request that the Court schedule the Fairness Hearing at the earliest practicable time on or after

seventy-five (75) days from the Preliminary Approval of this Stipulation.

3.      Class Members who wish to file an objection to the settlement agreement, or to

Opt-Out, shall file such objections or Opt-Out notices within forty-five (45) days from the

mailing of the Class Notice, but in no event later than fourteen (14) days prior to the Fairness

Hearing.

4.      The District Court shall also retain jurisdiction over this action for the Review

Period for the purpose of ensuring and enforcing compliance with any terms and provisions of

this Stipulation.

5.      At the conclusion of the Review Period, the above-captioned action shall be

dismissed with prejudice and without costs, expenses, or fees in excess of the amounts

authorized by the Court or agreed upon by the Parties in accordance with this Stipulation.

6.      The terms of this Stipulation shall be a full, final, and complete resolution of this

action.  The Stipulation shall not become effective nor shall the Defendants be required to

undertake any obligations in the event that the final determination of any such appeals or

petitions results in a rejection of the settlement as set forth in this Stipulation or a reversal of the

order dismissing the action.

### H.      ENFORCEMENT AND DISPUTE RESOLUTION

1.      If Class Counsel believes that Defendant is not in compliance with this

Stipulation, it shall notify counsel for Defendant, in writing, thirty (30) days prior to seeking the

Court's intervention regarding the alleged non-compliance.

2.      The Parties agree to attempt to resolve any allegations of non-compliance through good faith negotiations without the Court's intervention.

3.      If the Parties cannot resolve any allegations of non-compliance through good faith negotiations, Class Counsel may make an application to the Court seeking enforcement of a particular term of this Stipulation.

4.      The Parties reserve their right to appellate review of the Court's decisions concerning compliance under the Stipulation, as governed by applicable law.

5.      The provisions of this Section are the exclusive means for enforcing the terms of this Stipulation.

### I.      RELEASE

1.      Except as otherwise provided in this Stipulation, and except any persons who have exercised a right to opt out of this Stipulation and Order, as of the Effective Date, the Stipulation resolves in full any and all claims or rights of action against the Defendant and its predecessors, successors, or assignees together with past, present, and future officials, employees, representatives, and agents of the NYPD, and the City of New York ("Released Persons"), by any Plaintiff, including all members of the Settlement Class and all Class Representatives, regarding any equitable, injunctive and/or incidental monetary relief claims arising from allegations of religious discrimination and/or retaliation pursuant to the United States Constitution, The New York State Constitution, Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law and/or the New York City Human Rights Law arising from a Plaintiff's request, receipt or denial of a religious accommodation to grow facial hair for religious purposes that could have been raised in this action, including all claims for attorneys'

fees and costs, with the exception of the Named Plaintiff's individual claims for which a release will be required per Paragraph E herein.

2.       With the exception of the Named Plaintiff, this Stipulation does not affect the rights of individual members of the Settlement Class to bring an action against Defendant asserting claims other than those identified in Paragraph I(1).

3.       As of the Effective Date, the Named Plaintiff hereby releases and discharges the Released Parties from any and all claims, liabilities and/or causes of action which Plaintiff has or may have against any of the Released Parties based on any act, omission, event or occurrence occurring from the beginning of the world up through and including the date hereof, including, without limitation, any and all claims which were or could have been alleged by Named Plaintiff in the Action arising out of the events alleged in the complaint therein, including all claims for attorneys' fees and costs.

### J.       APPLICATIONS AND PARTIES BOUND

1.       This Stipulation applies to, and is intended to be binding upon, the Named Plaintiff and/or members of the Settlement Class, including the Named Plaintiff, Class Counsel, Defendants, and the City's officers, agents, employees, successors, and assigns.  This Stipulation is enforceable only by the Named Plaintiff and/or members of the Settlement Class, and the Defendant.   The undersigned representatives of the Plaintiff and/or the Settlement Class, including the Named Plaintiff, certify that they are authorized to enter into and consent to the terms and conditions of the Stipulation and to execute and legally bind the Named Plaintiff to it. The undersigned representatives of the Defendants certify that they are authorized to enter into and consent to the terms and conditions of the Stipulation and to execute and legally bind the Defendants to it.

### K.      MODIFICATION OF THE SETTLEMENT STIPULATION AND ORDER

1.      This Stipulation represents the entire agreement among the Parties, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation shall be deemed to exist, or to bind the Parties hereto, or to vary the terms and conditions contained herein, or to determine the meaning of any provisions herein.   This Stipulation can be modified only on the written consent of the Named Plaintiff and the City, or upon order of the Court.

### L.      NOTIFICATION OF PARTIES UNDER THE SETTLEMENT STIPULATION AND ORDER

1.      All notices contemplated by this Stipulation, other than notice to the Settlement Class pursuant to this Stipulation, shall be in writing and shall, unless expressly provided otherwise herein, be delivered by hand delivery and by e-mail, and shall be addressed as follows:

**FOR THE PLAINTIFF CLASS**

Jonathan C. Moore
Luna Droubi
Beldock Levine & Hoffman LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016
(212) 490-0400
jmoore@blhny.com
ldroubi@blhny.com

**FOR DEFENDANTS:**

Andrea O'Connor
Joseph Anci
New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, New York 10007
(212) 356-4015
aoconnor@law.nyc.gov
janci@law.nyc.gov

-14-

Dated:  New York, New York
        January 2, 2018

BELDOCK, LEVINE & HOFFMAN, LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016

_____
Jonathan C. Moore
Joshua Moskovitz
Luna Droubi

*Attorneys for the Plaintiff and Putative Class*

ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
100 Church Street
New York, New York 10007


_____
Andrea O'Connor
Joseph Anci

*Attorney for Defendants*



SO ORDERED:



_____
HON. PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1



# INTERIM ORDER

| SUBJECT: | **REVISION TO PATROL GUIDE 203-07, "PERFORMANCE ON DUTY - PERSONAL APPEARANCE"** |
|---|---|

| DATE ISSUED: | REFERENCE: | NUMBER: |
|---|---|---|
| **12-30-16** | **P.G. 203-07** | **90** |

1.    To clarify Department policy and to enhance the personal appearance of uniformed members of the service, Patrol Guide 203-07, "Performance on Duty – Personal Appearance," is being revised.

2.    Therefore, effective immediately, Patrol Guide 203-07, "Performance on Duty – Personal Appearance" is amended as follows:

a.    **REVISE** "NOTE," following subdivision "**d**," under step "**4**," opposite "PERFORMANCE ON DUTY – PERSONAL APPEARANCE," on page "**1**" to read:

"***NOTE***     ***At all other times, the uniform cap must be worn except where there are exigent circumstances. When the exigent circumstances have stabilized, the cap must be worn.***

***When required because of religious accommodation and with written approval of the Office of the Deputy Commissioner, Equal Employment Opportunity, uniformed members of the service will be permitted to wear the Department approved religious head covering. The religious head covering must conform to the standards prescribed by the Deputy Commissioner, Equal Employment Opportunity and have a cap device affixed to the front of the head covering, if appropriate. All hair must be neatly tied inside the religious head covering and in case of an incident where the use of a tight-fitting helmet is required, religious head covering must be removed to don appropriate protective head gear.***"

b.    **REVISE** step "**10**," opposite "PERFORMANCE ON DUTY – PERSONAL APPEARANCE," on page "**2**" to read:

| "**PERFORMANCE ON DUTY – PERSONAL APPEARANCE** | **10.** | **Do not grow a beard except under the following circumstances:** |
|---|---|---|
| | **a.** | **When required because of a medical condition, a beard may be grown up to one millimeter with written approval of the Police Surgeon concerned. (Copy of written approval will be in possession of member of the service whenever in uniform.)** |
| | **b.** | **When approved, in writing, by member's commanding officer because of nature of member's assignment. The member's commanding officer will ensure the member is clean shaven when the member is in uniform. (Copy of written approval will be in** |

| **PERFORMANCE ON DUTY – PERSONAL APPEARANCE** (continued) | **c.** | **possession of the member of the service whenever in uniform.)** |
|---|---|---|

**When required because of religious accommodation, a beard may be grown up to half inch unless the applying member requests additional length. A request for additional length will be reviewed and decided upon by the Office of the Deputy Commissioner, Equal Employment Opportunity. (Copy of written approval will be in the possession of member of the service whenever in uniform.)**"

3.     Upon publication, this Interim Order has been incorporated into the On-Line Patrol Guide.

4.     Any provisions of the Department Manual or any other Department directive in conflict with the contents of this Order are suspended.

**BY DIRECTION OF THE POLICE COMMISSIONER**

**DISTRIBUTION**
**All Commands**

**INTERIM ORDER NO. 90**

# EXHIBIT 2



## OPERATIONS ORDER

| SUBJECT: **FACIAL HAIR/RELIGIOUS HEAD COVERING POLICY** | |
|---|---|
| DATE ISSUED: | NUMBER: |
| **12-30-16** | **61** |

1.   In order to provide guidance for uniformed members of the service who have a medical condition that precludes contact shaving and those who request to grow facial hair and/or wear a head covering due to a religious belief, the Department is issuing the following guidelines. These guidelines describe the process for uniformed members of the service who apply for permission to grow facial hair for a medical condition or to grow facial hair and/or wear a head covering for religious observance. This Order will also be applied to members of the service assigned to the Traffic Enforcement District and the School Safety Division, who are authorized to wear a uniform. In addition, a new Department form entitled, **"REASONABLE ACCOMODATION REQUEST FOR RELIGIOUS PRACTICES OR OBSERVANCES (PD469-161)"** has been created to enhance the administrative process.

2.   Therefore, effective immediately, in order to outline the process for uniformed members of the service, including members of the service who are assigned to the Traffic Enforcement District and the School Safety Division, and are authorized to wear a duty uniform, who apply for permission to grow facial hair for a medical condition or to grow facial hair and/or wear a head covering for religious observances, the following procedure must be complied with:

**PURPOSE**   To establish the Department's policy for uniformed members of the service, including members of the service who are assigned to the Traffic Enforcement District and the School Safety Division, and are authorized to wear a duty uniform, to apply for a medical exemption to grow facial hair, and a religious accommodation to grow facial hair and/or wear a religious head covering.

**DEFINITIONS**  <u>MEDICAL EXEMPTION FOR FACIAL HAIR</u> – Facial hair may be grown up to **one millimeter** due to a medical condition that precludes a uniformed member of the service from contact shaving with written approval of the Police Surgeon concerned. A copy of the written approval must be in possession of the member of the service whenever in uniform.

       <u>RELIGIOUS ACCOMMODATION FOR FACIAL HAIR</u> – Facial hair may be grown due to religious beliefs with the written approval of the Deputy Commissioner, Equal Employment Opportunity. The length of the facial hair is to be no longer than **half inch** unless the applying member requests additional length. A request for additional length will be reviewed and decided upon by the Office of the Deputy Commissioner, Equal Employment Opportunity on a case-by-case basis through an interactive process. A copy of the written approval must be in possession of the member of the service whenever in uniform.

*NOTE*    *Approval to grow a beard for a medical condition or religious accommodation does not grant a member permission to grow goatees, designer beards, or "chin strap" beards, all of which are strictly prohibited.*

| | |
|---|---|
| **DEFINITIONS (continued)** | <u>RELIGIOUS HEAD COVERING</u> – Head covering may be worn with the written approval of the Deputy Commissioner, Equal Employment Opportunity. The head covering must conform to the standards prescribed by the Deputy Commissioner, Equal Employment Opportunity and have a cap device affixed to the front of the head covering, if appropriate. All hair must be neatly tied inside the head covering and in case of an incident where the use of a tight-fitting helmet is required, head covering must be removed to don appropriate protective head gear. |

**PROCEDURE**  When a uniformed member of the service, including a member of the service assigned to Traffic Enforcement and School Safety Division who is authorized to wear a duty uniform, wishes to apply for a medical exemption to grow facial hair or religious accommodation to grow facial hair and/or wear a religious head covering:

<u>APPLICATION FOR MEDICAL EXEMPTION</u>

| | | |
|---|---|---|
| **REQUESTING MEMBER OF THE SERVICE** | 1. | Report to District Surgeon concerned to be evaluated and provide appropriate medical documentation. |
| **DISTRICT SURGEON** | 2. | Evaluate member concerned and complete computer generated **SHAVING RESTRICTION FORM** in the Medical Division Sick Reporting System, if request for exemption is approved. |
| | 3. | Distribute copies of **SHAVING RESTRICTION FORM** as required. |
| | 4. | Ensure appropriate entries are made in the Medical Division Sick Reporting System Shaving Restriction Log. |
| **INTEGRITY CONTROL OFFICER** | 5. | Review **SHAVING RESTRICTION FORM** and place a copy in the personnel folder of the member concerned. |
| **COMMANDING OFFICER, MEMBER CONCERNED** | 6. | Ensure requesting member complies with provisions of medical exemption. |
| **REQUESTING MEMBER OF THE SERVICE** | 7. | Carry copy of **SHAVING RESTRICTION FORM** whenever performing duty in uniform. |
| *NOTE* | | *Members of the service are issued shaving excusals for six month durations. The member is then required to be reevaluated to extend the medical exemption.* |

<u>APPLICATION FOR RELIGIOUS ACCOMMODATION TO GROW FACIAL HAIR AND/OR WEAR A RELIGIOUS HEAD COVERING</u>

| | | |
|---|---|---|
| **REQUESTING MEMBER OF THE SERVICE** | 8. | Prepare **REASONABLE ACCOMODATION REQUEST FOR RELIGIOUS PRACTICES OR OBSERVANCES (PD469-161)** and submit to the Office of the Deputy Commissioner, Equal Employment Opportunity. |

**OPERATIONS ORDER NO. 61**

| | | |
|---|---|---|
| **OFFICE OF THE DCEEO** | 9. | Review completed **REASONABLE ACCOMODATION REQUEST FOR RELIGIOUS PRACTICES OR OBSERVANCES** form. |
| | 10. | Confer with member concerned regarding circumstances of request. |

    a.     The Office of the Deputy Commissioner, Equal Employment Opportunity will review all applications and make a decision on a case-by-case basis.

    b.     The member will be notified of the restrictions delineated in this procedure for members of the service who choose to grow facial hair and/or wear a religious head covering.

11.     Ensure appropriate entries are made in the Medical Division Sick Reporting System Shaving Restriction Log by Medical Division personnel, if appropriate.

12.     Notify requesting member and commanding officer of member concerned, in writing, of decision regarding accommodation request.

**COMMANDING OFFICER, MEMBER CONCERNED**

13.     Ensure requesting member complies with provisions of religious accommodation.

**INTEGRITY CONTROL OFFICER**

14.     Review **REASONABLE ACCOMODATION REQUEST FOR RELIGIOUS PRACTICES OR OBSERVANCES** and place a copy in the personnel folder of the member concerned.

**REQUESTING MEMBER OF THE SERVICE**

15.     Carry copy of form whenever performing duty in uniform.

<u>TIGHT-FITTING AIR PURIFYING RESPIRATOR OR OTHER SIMILAR DEVICE EXCLUSION</u>

**MEDICAL DIVISION/ OFFICE OF THE DCEEO**

16.     Notify member requesting a medical exemption or religious accommodation to grow facial hair, in writing, that, if approved, they are no longer eligible to deploy or receive training on a tight-fitting Air Purifying Respirator (APR) or other similar device. File copy of notification.

    a.     When a tight-fitting APR or other similar device must be worn to protect a uniformed member of the service from airborne contaminants, it has to fit correctly, and this requires the wearer's face to be clean shaven where the respirator seals against it.

    b.     The tight-fitting APR or other similar device fit that is achieved with a beard or facial hair in the respirator sealing surface area is unpredictable and may change daily depending on the growth and position of the hair at the time of the fit test.

**NOTE**       *Members of the service who have a medical exemption or religious accommodation to grow facial hair are not eligible to receive training or certification in the use of a tight-fitting air purifying respirator or other similar device and therefore cannot be assigned to a unit or position that requires the use of the APR or a similar device.*

**OPERATIONS ORDER NO. 61**

| | | |
|---|---|---|
| *NOTE*<br>*(continued)* | | *This exclusion includes, but is not limited to, assignments or positions in designated specialized sub-units within the Citywide Operations Bureau, the Counterterrorism Bureau, and the Forensic Investigations Division.* |
| | | *This exclusion does not include units that require the use of the tactical hood.* |
| **COMMANDING OFFICER DESIGNATED SPECIALIZED UNIT** | 17. | Notify uniformed member of the service seeking assignment to a designated specialized unit that requires the use of the APR or similar device that they are excluded from applying if they have a medical exemption or religious accommodation to grow facial hair due to the inability to deploy a tight-fitting APR or other similar device. |
| **MEDICAL DIVISION/ OFFICE OF THE DCEEO** | 18. | Notify any uniformed member of the service that currently has a medical exemption or religious accommodation for facial hair that if assigned to a command or position where the use of an APR or other similar device is required, that they will be subject to immediate reassignment or transfer to a position or command where the use of such device is not required. |

18.
  a. This is to ensure the safety of the exempt member of the service and also the safety of others in a command where the use of a tight-fitting APR or other similar device is an essential requirement of said assignment.

19. Notify Personnel Bureau of any uniformed member of the service to be transferred based on the restriction delineated above.

## GROOMING STANDARDS FOR ALL UNIFORMED MEMBERS OF THE SERVICE

**UNIFORMED MEMBER OF THE SERVICE**

20. Keep sideburns closely trimmed, not extending below bottom of earlobe.
21. Have mustache neatly trimmed, not extending beyond, nor drooping below corners of mouth.
22. Do not grow a beard except under the following circumstances:
  a. Member of the service has a medical exemption or religious accommodation
  b. When approved, in writing, by member's commanding officer because of nature of member's assignment. The member's commanding officer will ensure the member is clean shaven when the member is in uniform.

*ADDITIONAL*
*DATA*

*MEDICAL DIVISION SICK REPORTING SYSTEM SHAVING RESTRICTION LOG*

*The Medical Division, in conjunction with the Information Technology Bureau, has developed the Shaving Restriction Log in the Sick Reporting System. This database, which only contains uniformed members of the service, traffic enforcement agents, and school safety agents, enables supervisors to ascertain if such member has been granted a current medical or religious shaving exemption.*

*Integrity control officers may check to determine which members of the service assigned to their command possess a current shaving exemption by accessing the ICO Shaving*

**ADDITIONAL DATA (continued)**

*Search link in the Medical Division Sick Reporting System. Supervisors are reminded that due to confidentiality of medical conditions and/or reasonable religious accommodations, access to the database will be restricted and disseminated on an as need basis.*

*Integrity control officers unable to access the ICO Shaving Search link may submit an authorization for access, by forwarding a request on **Typed Letterhead** to the Commanding Officer, Medical Division.*

*Supervisors may also ascertain whether a member of the service assigned to an outside command possesses a current shaving exemption by contacting the Medical Division's Sick Desk supervisor at (718) 760-7606, 24 hours a day, 7 days a week. Upon verifying the identity of the requesting supervisor, the Sick Desk supervisor will query the Medical Division Sick Reporting System Shaving Restriction Log and provide the requested information. Supervisors may use this option when they are assigned to a detail or similar event and a member of the service from an outside command reports wearing facial hair and claims to have a shaving exemption.*

**RELATED PROCEDURE**

*Performance on Duty – Personal Appearance (P.G. 203-07)*

**FORMS AND REPORTS**

*REASONABLE ACCOMODATION REQUEST FOR RELIGIOUS PRACTICES OR OBSERVANCES (PD469-161)*
*SHAVING RESTRICTION FORM*
*Typed Letterhead*

3.   The new Department form entitled, "**REASONABLE ACCOMODATION REQUEST FOR RELIGIOUS PRACTICES OR OBSERVANCES (PD469-161)**" is available as a form fillable PDF on the Department Intranet in the "Department Forms and Reports" section.

4.   Operations Order 20, series 2014, is hereby **REVOKED**.

5.   Commanding officers will ensure that the contents of this Order are brought to the attention of members of their commands.

**BY DIRECTION OF THE POLICE COMMISSIONER**

**DISTRIBUTION**
**All Commands**

# EXHIBIT 3



**REASONABLE ACCOMMODATION REQUEST**
**FOR RELIGIOUS PRACTICES OR OBSERVANCES**
PD 469-161 (12-16)

---

**FOR DCEEO USE ONLY**

RA No._____

---

**NOTE:** The New York City Police Department will make reasonable accommodations to qualified employees and applicants with a religious requirement for facial hair and/or head coverings, unless providing such accommodations would impose an undue hardship.

| | |
|---|---|
| Rank/Title and Name | Tax No. |

| | |
|---|---|
| Command *(No Abbreviations)* | Home Phone No. | Cell Phone No. |

| | |
|---|---|
| Address | Appointment Date |

| | |
|---|---|
| Practicing Religion | Documentation From Religious Leader Provided?  ☐ YES   ☐ NO |

SpecificRequest   *(e.g. facial hair and length and/or religious head covering)*

_____

_____

I understand that if permission is granted to wear a beard, I am ineligible to deploy or receive training on a tight-fitting Air Purifying Respirator (APR), and that in order for a tight-fitting APR to fit correctly, the wearer must be clean shaven. I further understand that if I apply and am selected to serve in a specialized unit that requires use of a tight-fitting APR as one of its essential job requirements (Citywide Operations Bureau, Counterterrorism Bureau, and Forensic Investigations Division), I will be required to shave in order to meet the requirements of the position.

Head covering may be worn with the written approval of the Deputy Commissioner, Equal Employment Opportunity and must conform to standards prescribed by the Deputy Commissioner, EEO. All hair must be neatly tied inside the head covering and in case of an incident where the use of a tight-fitting helmet is required, the head covering must be removed to don appropriate protective head gear.

| | |
|---|---|
| Requesting Employee's Signature | Date |

After completing this form, **the employee** must forward original to:

**DEPUTY COMMISSIONER**
**EQUAL EMPLOYMENT OPPORTUNITY**
**ONE POLICE PLAZA, ROOM 1204 NEW**
**YORK, NEW YORK 10038 PHONE: (646)**
**610-5330**
**FAX: (646) 610-5898**

Do Not Write Below This Line *(For Deputy Commissioner, Equal Employment Opportunity Personnel Only)*

| |
|---|
| ☐ APPROVED          ☐ DISAPPROVED |

| |
|---|
| DCEEO Reviewing Member (*Rank/Title Name Printed*) |

| | |
|---|---|
| Signature | Date |

## WE ARE AN EQUAL OPPORTUNITY EMPLOYER

# EXHIBIT 4

# Deputy Commissioner, EEO Bulletin

**FACIAL HAIR**

This bulletin has been prepared by DCEEO to inform and familiarize supervisors and members of service of rights, responsibilities and duties as they relate to religious accommodations to wear facial hair. Specifically, this newsletter will outline the process for requesting a reasonable accommodation and ensuring compliance with facial hair requirements as per Patrol Guide 203-07(10)(c) and Operations Order 61. Members seeking to wear facial hair generally will be allowed to maintain a beard of half (1/2) an inch upon receipt of a reasonable accommodation. A request for additional length will be reviewed and discussed between the member and DCEEO.

### What to do if MOS wants to wear a beard for religious purposes?

1. An MOS requesting a Reasonable Accommodation (RA) to wear facial hair per the tenets of their religion must complete the Reasonable Accommodation Request for Religious Practices or Observances (PD 469-161) form.

2. To request additional length, the MOS must clearly designate that request in the "Specific Request" field of the Reasonable accommodation Request for Religious Practices or Observances (PD 469-161).

3. This form must be submitted to the DCEEO via fax [646-610-5898], by mail, or in person with accompanying documentation, if any.

4. After submitting the application, please contact the DCEEO to ensure that it was received [646-610-5072].

### What happens after submission of an RA Application?

1. A member from the DCEEO will contact MOS to discuss the RA request.

2. Command will be notified that MOS must be permitted to grow out their beard prior to scheduled appearance at DCEEO. The command will also be notified when the MOS is scheduled to appear at the DCEEO.

3. MOS must appear in the Office of the DCEEO to discuss accommodation and sign agreement. MOS will be required to take photos depicting how MOS will wear facial hair while on duty.

### What happens after MOS has been granted a Reasonable Accommodation for facial hair?

The MOS will receive a letter from DCEEO, which depicts and describes the accommodation granted. An MOS is required to carry their letter approving the accommodation on their person while on duty as per Patrol Guide 203-07(10)(c) and Operations Order 61. Members' facial hair must closely resemble the photograph depicted within the letter. A member's failure to carry their letter or failure to comply with the terms of the agreement can result in disciplinary action.

### How does one know if an MOS has a Reasonable Accommodation for facial hair?

A supervisor may request to see the member's RA letter to confirm that they have been granted an accommodation. Supervisors should also utilize RAP Net application or contact the DCEEO to confirm an RA has been granted.



**DEPUTY COMMISSIONER EQUAL EMPLOYMENT OPPORTUNITY**

**NYPD**
**New York City Police Department**

**What if?**

## MOS WAS NOT GRANTED A RELIGIOUS ACCOMMODATION

- An MOS seeking an accommodation must go through the proper steps to obtain approval. An MOS wearing facial hair who has not applied for, has not been granted an RA or has not been granted a medical exception may be subject to progressive discipline for failing to adhere to Patrol Guide Procedures.

- The Supervising Officer can inquire as to why the MOS is wearing a beard.
    - If no reason is given, MOS should be directed to shave.
    - If MOS states the beard is for a Religious purpose, the supervisor must refer the MOS to DCEEO for an RA.
        - **MOS may not be directed to shave if they state the beard is for a religious purpose.**
        - Failure to obtain an RA may result in MOS disciplinary action.
    - Keep in mind that a beard may be permitted due to medical reasons or due to the nature of the member's assignment.

## MOS WAS GRANTED AN RA, BUT DOESN'T HAVE A LETTER ON THEIR PERSON

- An MOS is required to carry their RA letter with them while on duty as per Patrol Guide 203-07(10)(c) and Operations Order 61. Failure to carry the letter may result in progressive discipline.

- Check RAP Net or contact the Office of the DCEEO to confirm accommodation.

- An MOS who has lost their letter must contact the DCEEO to obtain a duplicate.

## MOS WAS GRANTED AN ACCOMMODATION, BUT IS NOT IN COMPLIANCE WITH PHOTO AND/OR TERMS OF THE AGREEMENT

- An MOS must conform to the terms of their agreement.  Failure to do so may result in progressive disciplinary action.

- If the MOS is not in compliance.
    - They are required to groom their facial hair to be in compliance with the accommodation granted. The MOS must have a reason for not being in compliance.
    - If the MOS's religious beliefs have changed or if they feel the photo is an inaccurate representation of their religious beliefs, the MOS must contact the DCEEO to process any change to their accommodation and photo.

### What do I do if the MOS has an old letter?

An MOS is required to have a valid RA letter in their possession at all times.  Failure to do so could result in progressive discipline.  A valid RA letter will contain a photograph of the agreed upon facial hair accommodation granted  An MOS who is in possession of an expired letter or a letter with a different tax number must be directed to contact the DCEEO to renew their agreement and receive a new letter.



**NYPD**
New York City Police Department

# EXHIBIT 5

TO:              ALL COMMANDS

SUBJECT:     Religious Accommodation for Facial Hair

1. On December 30, 2016, Operations Order No. 61 was implemented and Patrol Guide Procedure No. 203-07 was amended to reflect changes in the Department's Facial Hair Policy.

2. Patrol Guide Procedure No. 203-07 provides that "when required because of religious accommodation, a beard may be grown up to half inch unless the applying member requests additional length.  A request for additional length will be reviewed and decided upon by the Office of the Deputy Commissioner, Equal Employment Opportunity."

3. Approval to grow a beard for a religious accommodation does not grant MOS permission to grow goatees, designer beards, or "chin strap" beards, all of which are strictly prohibited.

4. MOS are required to carry a copy of the written approval in their possession at all times while in uniform.

5. MOS seeking a reasonable accommodation to wear a beard must complete the *Reasonable Accommodation Request for Religious Practices or Observances* (PD 469-161).  The MOS is responsible for submitting the application and any supporting documents to the DCEEO via fax, mail, or in person.

6. To request additional length, the MOS must clearly designate that request in the "Specific Request" field of the *Reasonable Accommodation Request for Religious Practices or Observances* (PD 469-161).

7. The *Reasonable Accommodation Request for Religious Practices or Observances* (PD 469-161) is available at the DCEEO Office and through the Department Intranet. To access the form from the Department Intranet the Deputy Commissioner of Equal Employment Opportunity link listed under the *Bureau* tab.  Once on the Deputy Commissioner, Equal Employment Opportunity page MOS can access the Reasonable Accommodation applications via the *DCEEO Forms and Publications* link.

8. Additional information regarding the Reasonable Accommodation procedure and an MOS's right to request an accommodation to wear facial hair is available in the *Deputy Commissioner, EEO Bulletin, Facial Hair.* This bulletin can be accessed via the Department Intranet by accessing the DCEEO page.

9. For further assistance contact the Office of the Deputy Commissioner Equal Employment Opportunity at (646) 610-5330.

10. For your INFORMATION.

AUTH.: DEPUTY COMMISSIONER EQUAL EMPLOYMENT OPPORTUNITY
OPER.:

HOURS:

# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X

MASOOD SYED, individually and on behalf of all others
similarly situated,

                                        Plaintiff,

                                                        Docket No. 16 Civ. 4789
                    -against-                           (PGG)


CITY OF NEW YORK,

                                        Defendant.

---------------------------------------------------------------------- X


### NOTICE TO CLASS MEMBERS OF PROPOSED SETTLEMENT
### IN CLASS ACTION LAWSUIT REGARDING THE NYPD'S
### POLICY FOR ACCOMMODATING RELIGIOUS BEARDS

**ATTENTION:**      **ALL OFFICERS OF THE NYPD WHO HAVE SOUGHT A
RELIGIOUS ACCOMMODATION TO WEAR A BEARD FROM
JUNE 22, 2013 TO THE PRESENT:**

This is to inform you of a hearing about an agreement to settle a class action relating to your right to request a beard for religious purposes in the New York Police Department ("NYPD"). The date and location of the hearing are noted below.

*A Court has authorized this notice. This is not a solicitation.*

### PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY
### BE AFFECTED BY LEGAL PROCEEDINGS IN THIS CASE.

### NOTICE OF CLASS ACTION

The purpose of this notice is to inform you of a proposed settlement in a pending class action lawsuit brought on behalf of members of the New York Police Department ("NYPD") against the City of New York. The class action settlement ("Settlement Agreement"), which must be approved by the United States District Court, was reached between the parties in the above-referenced case in the United States District Court for the Southern District of New York.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT:**

| | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit.   Await the outcome.   Give up certain rights.**<br>By doing nothing, you obtain the relief outlined below, but you give up any rights to sue separately about the legal claims in this lawsuit, assuming that the time has not already passed for you to bring a separate lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit. Keep your rights.**<br>If you ask to be excluded, you will keep any rights to sue about the same legal claims in this lawsuit. |

## BASIC INFORMATION

### 1.  Why did I get this Notice?

You have submitted a request to wear a beard for religious purposes from the NYPD's Office of Equal Employment Opportunity between the period of June 22, 2013 and the present.

### 2.  What is a Class Action?

This is a class action. In a class action, one or more people, called a Class Representative or Class Representatives (in this case, Masood Syed), sues on behalf of a group people who have similar legal claims. All of these people together form a Class or are considered Class Members. One Court resolves the issues for all Class Members. United States District Court Judge Paul G. Gardephe is in charge of this Class Action.

### 3.  What is this Class Action lawsuit about?

This lawsuit, filed on June 22, 2016, challenges the NYPD's policy regarding requests by employees of the NYPD to receive religious accommodations to wear beards. The NYPD has a written policy that states that beards cannot be worn by members of the service without an approved accommodation request. Prior to this lawsuit, the NYPD's unwritten policy was to allow medical or religious accommodations for facial hair only up to 1 millimeter in length. In December 2016, after the filing of this lawsuit, the NYPD issued a new facial hair policy. While maintaining a no-beard standard, this new policy explicitly allows for accommodations to wear a beard for officers who have a sincerely held religious belief and who request an accommodation. The default for a request for such an accommodation will be ½ an inch. If the member of service has a sincerely held religious belief that requires a beard longer than ½ inch, the member of service can request a longer beard and will not be discouraged from making the request. If a request to receive a religious accommodation is denied, or if the request for a beard longer than ½ inch is denied, this settlement provides that the NYPD will permit an appeal of any such denial.

**4. Has the Court decided who was right?**

The Court did not decide in favor of either the Plaintiff or the City. Instead, both sides agreed to a settlement. That way, they avoid the cost, delay, and uncertainty of trial. The Class Representative, Masood Syed, and Class Counsel (the attorneys appointed by the Court to represent the Class) think that the proposed settlement is in the best interests of the Class Members, taking into account the benefits of the settlement, the risks of continued litigation, and the delay in obtaining relief for the Class if this litigation continues.

## WHO IS IN THE CLASS?

**5. Am I part of the class?**

The Settlement Class includes all people employed by the NYPD subject to the Patrol Guide 203-07(10) who, in the three years preceding the filing of this lawsuit through and including the [INSERT EFFECTIVE DATE OF THE STIPULATION], requested or received a religious accommodation from the NYPD to wear a beard.

## TERMS OF THE SETTLEMENT AGREEMENT

**6. What do I get out of this case?**

**The following is a summary of certain provisions of the Settlement Agreement. The complete Settlement Agreement is available as set forth below.**

The Settlement Agreement requires the NYPD to change the policy for making a request to wear a beard based on a sincerely held religious belief. The agreement changes the existing policy to allow members of service to request beards at whatever length they believe is required based on their religious beliefs.

Members of Service are required to complete a Reasonable Accommodation Request Form and submit it to the Office of Equal Employment Opportunity ("DCEEO"). If a member of service does not specify a length, they will automatically be eligible to receive a religious accommodation for a beard of ½ inch. If the member of service's sincerely held religious belief requires a beard longer than ½ inch, then the member of service must indicate the approximate length they are requesting on the Religious Accommodation Form. If DCEEO denies a request for any reason, DCEEO must provide an explanation for the denial in writing. The member of service will have the opportunity to appeal any such denial, as well as any denial to have a beard at any length for religious purposes.

By submitting a Reasonable Accommodation Request Form for a beard, the member of service acknowledges that, if the request is granted, the member of service will be ineligible to deploy or receive training on an Air-Purifying Respirator (APR) and therefore may not be assigned to a specialized unit within the NYPD that requires the use of a tight-fitting APR as one of its essential

3

job requirements.

The Settlement Agreement also requires training for all employees of DCEEO.

This Class Action was focused on protecting the rights of Class Members who want to wear a beard based on a sincerely held religious belief. It does not provide any monetary compensation for Class Members.

### 7.  Can I grow my beard longer than ½ inch?

Yes. If you believe, based on a sincerely held religious belief, that your beard should be longer than ½ inch, you can indicate your desired length of beard on the Reasonable Accommodation Form. A request for additional length will be reviewed and decided upon by on a case-by-case basis.

### 8.  Do I need to hire a lawyer in this case?

The Court decided that Jonathan Moore and Luna Droubi of the law firm Beldock Levine & Hoffman LLP, of New York, New York, are qualified to represent all Class Members who are not already represented by their own lawyers. These lawyers and their law firm are called "Class Counsel." They are experienced in handling similar cases against municipal defendants.  More information about the law firm, their practices and their lawyers' experience is available at www.blhny.com.

### 9.  Should I get my own lawyer?

If you fit the definition of a Class Member and you do not already have your own lawsuit with your own lawyer, you do not need to hire your own lawyer because Class Counsel is working on your behalf.

### 10. What happens if I believe the NYPD has violated my rights under the Settlement Agreement?

The Court will continue to have jurisdiction over this case for 18 months after the settlement is approved. If you believe your rights as promised under this Settlement Agreement have been violated, contact Class Counsel at (212) 277-5875 or (212) 490-0400 or ldroubi@blhny.com.

### 11. How will class counsel be paid?

The City will pay Beldock Levine & Hoffman their reasonable attorneys' fees, expenses, and costs, subject to the approval of the Court. Class Counsel shall also be entitled to reasonable attorneys' fees and costs for overseeing the City's compliance with the Settlement Agreement as set forth in the Settlement Agreement for an 18 month period after the Settlement Agreement is finalized.

## <u>YOUR RIGHTS AND OPTIONS</u>

### 12. What happens if I do nothing at all?

The proposed Settlement Agreement, if given final approval by the Court, will bind all members of the Settlement Class. This will bar any person who is a member of the Settlement Class from prosecuting or maintaining any claim or action released under the terms of the Settlement Agreement.

Any Class Member who does not object at or before the Final Approval Hearing will be deemed to have approved the Settlement and to have waived such objections and shall not be able to make any objections (by appeal or otherwise) to the Settlement.

### 13. Why would I ask to be excluded?

If you exclude yourself from the Class, you will retain your right to sue individually by hiring your own lawyer and proving your own claims, assuming the time has not already passed for you to bring a separate lawsuit. If this is an option you are considering, you should immediately consult with your own lawyer because your individual claims are subject to a statute of limitations.

### 14. How do I ask the Court to exclude me from the Class?

If you want to be excluded from the Class, you must send an "Opt-Out Request" in the form of a letter stating that you want to be excluded from *Syed v. City of New York*. Be sure to include your name and mailing address and sign the letter.   A copy of the Opt-Out Request form is included with this Notice.   You must mail your Opt-Out Request to:

Luna Droubi
Beldock Levine & Hoffman LLP
99 Park Avenue, PH/26th Floor
New York, NY 10016

Your Exclusion Request must be postmarked on or before [INSERT DATE].

### 15. What if I disagree with the settlement terms?

Any Settlement Class Member may object to the terms of the proposed settlement described above by submitting a written or oral objection to Class Counsel via regular or electronic mail, or by leaving a message with their objection via telephone. If you submit an objection, you do not have to come to the Final Approval Hearing to talk about it. If you plan on speaking at the Final Approval Hearing, please indicate in your objection that you plan to do so. If you do not submit an objection prior to the deadline, you may not be provided an opportunity to speak to the District

Court about your objection at the Final Approval Hearing.

If you submit an objection, it should include the following information: (a) your name, address, and, if available, your telephone number and e-mail address; (b) if you are being represented by counsel, the name, address, telephone number and e-mail address of your attorney; (c) a statement of your objections; and (d) a statement of whether you are a member of the Settlement Class. We have attached a form that you can fill out to let us know what you think. We have attached this form as **Exhibit 2** to this Notice.

Please note that the Court can only approve or deny the settlement. The Court cannot change the settlement's terms. All objections must be submitted or postmarked on or before [INSERT DATE].

All email objections must be sent to the following email address: ldroubi@blhny.com. All oral objections must be made by leaving a message at (347) 916-6872.

All regular mail objections must be sent to the following address:

Luna Droubi
Beldock Levine & Hoffman LLP
99 Park Avenue, PH/26th Floor
New York, NY 10016

You may, but are not required to, appear at the Final Approval Hearing scheduled for [INSERT DATE] at [INSERT TIME] at the Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 705, New York, NY 10007 to have your objection heard by the Court.

**IF YOU DO NOT OPPOSE THIS SETTLEMENT, YOU NEED NOT
APPEAR OR FILE ANYTHING IN WRITING.**

## FAIRNESS OF SETTLEMENT

### 16. Where did this Settlement Agreement come from?

The Class Representative and Class Counsel have concluded that the terms and conditions of the proposed Settlement Agreement are fair, reasonable, adequate, and in the best interests of the Settlement Class. In reaching this conclusion, the Class Representatives and Class Counsel have considered the benefits of the settlement, the possible outcomes of continued litigation of these issues, the expense and length of continued litigation, and actual and possible appeals.

### 17. What happens next?

The Court has preliminarily approved the Settlement Agreement, and has scheduled a hearing for [INSERT DATE] at [INSERT TIME], at the Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 705, New York, NY 10007, to decide whether the proposed settlement

is fair, reasonable, and adequate, and should be finally approved. Although you are not required to attend, as a Settlement Class Member, you have the right to attend and be heard at this hearing, as specified in the next section below. At the hearing, the Court will consider any objections to the settlement. Judge Gardephe will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. The Court will also consider the agreed upon amount to award Class Counsel as reasonable attorneys' fees, costs and litigation expenses. We do not know how long this decision will take.

This hearing date is subject to change without further notice. If you wish to be informed of any changes to the schedule, please notify Class Counsel at the addresses listed in the next section below. You may also check www.blhny.com or the public court records on file in this action at https://www.pacer.gov/ for any updates.

### 18. Do I have to come to the hearing?

No. Class Counsel will answer any questions that the Court may have. However, you are welcome to come. If you send an objection, you do not have to come to Court to talk about it. As long as you submitted your written objection on time and in accordance with the rules above, the Court will consider it.

## FURTHER INFORMATION

### 19. Is any more information available?

The terms of the settlement are only summarized in this notice. For the precise and full terms and conditions of the settlement, please see the Settlement Agreement available at www.blhny.com/nypdbeardclassaction or by accessing the Court docket on this case through the Court's Public Access to Electronic Records (PACER) system at https://www.pacer.gov/, or by visiting the office of the Clerk of the Court for the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007, between 8:30 a.m. to 5:00 p.m., Monday through Friday, excluding Court holidays.

You can also obtain more detailed information about the settlement or a copy of the Settlement Agreement from Class Counsel at the following address:

Jonathan C. Moore, Esq.
Luna Droubi, Esq.
Beldock Levine & Hoffman LLP
99 Park Avenue, PH/26th Floor
New York, NY 10016
(212) 490-0400
www.blhny.com

Class Members may also contact Class Counsel at the following number, (212) 277-5875 or (212) 490-0400 to obtain further information about the settlement or settlement documents.

Please do not direct questions to the District Court.

To obtain copies of this Notice in alternative accessible formats, please contact Class Counsel listed above.

**EXHIBIT 1:**

**OPT- OUT FORM**

| **Opt-Out Form** |
| --- |

I hereby assert my right to be excluded from the Settlement Class in *Masood Syed v. the City of New York*, 16 Civ. 4789 (PGG).


Print Name: _____

Address Line 1: _____

Address Line 2: _____

Telephone: _____


Signature: _____

Date:_____


***

For your request(s) above to be effective, you ***must*** provide your name and address ***and*** sign and date the form. Your completed form MUST be postmarked by [INSERT DATE], and MUST be mailed to the following address:


Mail this notice to:

Luna Droubi
Beldock Levine & Hoffman LLP
99 Park Avenue, PH/26th Floor
New York, NY 1001

**EXHIBIT 2:**

**OBJECTION/ APPEARANCE FORM**

| **Objection Form** |
|---|

Check the appropriate box or boxes below:

☐ I assert my right to object to the Settlements in *Masood Syed v. the City of New York*, 16 Civ. 4789 (PGG).

☐ I assert my right to request to appear at the Fairness Hearing in *Masood Syed v. the City of New York*, 16 Civ. 4789 (PGG).

Print Name: _____

Address Line 1: _____

Address Line 2: _____

Telephone: _____

Statement of Objection:

_____

_____

_____

_____

Signature: _____

Date: _____

***

Mail this Form to:

Luna Droubi
Beldock Levine & Hoffman LLP
99 Park Avenue, PH/26th Floor
New York, NY 10016